UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
N'GAI GEORGE, Individually and on
Behalf of All Other Persons Similarly Situated,

                       Plaintiff,

       - against -

STAPLES, INC.,

                       Defendant.
-----------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

PLATT, J.

WALL, M.J.



## NATURE OF THE ACTION

1. Plaintiff N'Gai George ("George") complains, pursuant to Fed. R. Civ. P. 23, on behalf of himself, and a class of other similarly situated current and former sales managers of the Defendant employed within the State of New York, that they are entitled to back wages from Defendant for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's state law claims pursuant to pursuant to 28 U.S.C.§ 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs).

3. Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

4. Plaintiff's claims involve matters of national or interstate interest.

5. Defendant is subject to personal jurisdiction in New York.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff N'Gai George was, at all relevant times, an adult individual, residing in Westbury, New York.

9. Plaintiff was employed by Defendant from in or about November 2004 until, in or about, November 2006 as a sales manager at its Deer Park store in Deer Park, New York.

10. Plaintiff worked in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked by him as well as overtime compensation as required by state law.

11. Upon information and belief, Defendant Staples, Inc. ("Staples") is a Delaware corporation, with a principal place of business at 500 Staples Drive, Framingham, Massachusetts, and operates over 1,300 retail stores throughout the United States, including many such stores in the State of New Jersey. According to the Defendant's own website, it is the largest office products company in the world, it operates more than 1,800 superstores, it operates in twenty-one countries, it generates $16 billion in annual revenue and it employs over 69,000 workers.

12. Defendant was and is doing business in New York, including Kings, Queens and Nassau Counties.

## CLASS ALLEGATIONS

13. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

14. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since June 13, 2002, in the State of New York, to the entry of judgment in this case (the "Class Period"), who were classified by Defendant as sales managers and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the New York Labor Law and who have not been paid for all hours worked by them as well as overtime wages in violation of the New York Labor Law (the "Class").

15. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 100 members of Class during the Class Period.

16. The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

17. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

3

18. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

19. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

20. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

    b. what proof of hours worked is sufficient where an employer fail in its duty to maintain time records;

    c. whether Defendant failed and/or refused to pay the members of the Class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

    d. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

    e. whether Defendant should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

21. Defendant Staples is one of the largest retail office products supply stores throughout the United States and in over twenty-one countries.

22. At all relevant times, Plaintiff was employed as a sales manager for Defendant.

23. Plaintiff's work was performed for the benefit of the Defendant, in the normal course of the Defendant's business and was integrated into the business of the Defendant.

24. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment. Rather, it involved many insignificant duties and duties identical to most sales assistants and cashiers and stock clerks.

25. Upon information and belief, in an attempt to avoid paying some of its workers their earned wages, Staples has titled some of its employees "Sales Managers" to create the impression that these employees are executives exempt from overtime pay requirements under state and federal law. But these purported "Sales Managers", including Plaintiff, have performed few or no managerial duties. Instead, these Sales Managers have and continue today, primarily, to stock or organize shelves, unpack boxes, stock merchandise, clean stores, unload trucks and perform other non-managerial duties.

26. Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff for all hours worked by him as well as overtime compensation of one and one-half times his regular hourly rate in violation of the New York Labor.

27. It is Defendant's uniform policy and procedure not to pay Plaintiff and other similarly situated for all hours worked by him as well as overtime compensation.

28. Plaintiff George was employed by the Defendant from in or about April 1999 until in or about November 2006 and worked as a sales manager from in or about November 2004 until in or about November 2006. Throughout that time and, upon information belief, both before that time (throughout the Class Action Period) and continuing until today, Defendant have likewise employed other individuals (the Class), like Plaintiff George, in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment.

29. Such individuals have worked in excess of 40 hours a week, yet Defendant has likewise willfully failed to pay them for all hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate in violation of, the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendant and can be ascertained through appropriate discovery.

30. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed the Plaintiff and the members of the Class, the Defendant failed to maintain accurate and sufficient time records.

31. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendant employed Plaintiff and the members of the Class, the Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the New York Labor Law.

## CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

32.     Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 31 as if they were set forth again herein.

33.     At all relevant times, Plaintiff and the members of the Class were employed by Defendant within the meaning of the New York Labor Law §§ 2 and 651.

34.     Defendant willfully violated Plaintiff's rights and the rights of the Class, by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

35.     Defendant's New York Labor Law violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

36.     Due to Defendant's New York Labor Law violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid wages for all hours worked, overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1). Plaintiff waives all claims for liquidated damages pursuant to New York Labor Law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. A declaratory judgment that the practices complained of herein are unlawful under the New York Labor Law;

c. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages for all hours worked as well as overtime compensation due under the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 only;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       June 13, 2008

By: _____
Andrew P. Bell (AB 1309)

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
Andrew P. Bell (AB 1309)
Janet Walsh (JW 8658)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838-3735
www.lockslaw.com

Gary Mason
Nicholas Migliaccio
Mason Law Firm
1225 19th Street Northwest
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

Alexander Barnett
144 West 72nd Street, #3D
New York, New York 10023
Telephone: (212) 362-6174
Facsimile: (917) 591-5227

**ATTORNEYS FOR PLAINTIFF**