UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
IN RE STAPLES INC. WAGE AND        :   Civ. No. 08-5746(KSH)
HOUR EMPLOYMENT PRACTICES          :   MDL. No. 2025
LITIGATION                         :
_____:   REPORT AND RECOMMENDATION

This matter is before the Court by way of Plaintiffs' motions for: (1) certification of settlement classes; (2) final approval of the class settlement embodied in the agreement dated January 26, 2010; (3) an award of attorneys' fees; and (4) reimbursement of expenses and costs;

and the Hon. Katharine S. Hayden referred these motions to the Undersigned for a report and recommendation;

and the Court having conducted a Fairness Hearing on September 13, 2010;

and the Court having considered the submissions, arguments and representations of the parties, the record of proceedings; and the governing law;

and for the reasons set forth in the Opinion delivered on the record on September 17, 2010;

and for good cause shown,

IT IS on this 17th day of September, 2010

RECOMMENDED that the United States District Judge as to Docket No. 124:

1. Grant the motion to certify the state class pursuant to Fed. R. Civ. P. 23 and certify the collective action under 29 U.S.C. § 216, as described in the Proposed Order Granting Final Approval at ¶ 15;

2. Overrule the Objection of the Texas Attorney General;

    3. Approve the settlement executed January 26, 2010;

    4. Award $12,500 to Ronald Stillman and award $7500 to each of the following class representatives: Ngai George, Edward Camus, Raymond Yacouby, Jeffrey Ciotti, Krystle Florio, Janet Lentz, Omar Morrison, Anthony Williams, Christopher Plath, Christopher Price, Vishal Sharma, Elminio Soto, Robert Zelinsky, Jeff Loughner, Daniel William, Stephen Ross, and Ryan Schlenker and that these amounts be paid from the Settlement Fund in accordance with the January 26, 2010 Settlement Agreement at 8(c);

    5. Direct the payment of administrative costs of $209,863.05, and that these amounts be paid from the settlement fund in accordance with the January 26, 2010 Settlement Agreement at 9(c);

    6. Decline to grant a fee or cost award to plaintiff's counsel based upon the present submissions;

    7. Require the presentation of FLSA cases that resulted in settlements and used the percentage of recovery method to calculate fees so that the Court can evaluate the percentage of the settlement fund and the multiplier that the plaintiffs' counsel seek as their attorney's fee award in this case;

    8. Require the plaintiffs' counsel to submit certifications setting forth the hours of work, other than that which is the subject of the judgment entered in Stillman, and apply the hourly rate set in Stillman to the hours expended for such for use in a lodestar calculation or a lodestar cross-check if the Court decides to apply the percentage of recovery method;

    9. If the plaintiffs' attorneys seek reimbursement for expenses exceeding the amount that is the subject to the judgment entered in Stillman, then require plaintiffs' counsel to submit certifications that set forth the costs incurred for work other than that which is the subject of the

judgment entered in <u>Stillman</u> limited to the types of expenses for which the Court found to be taxable and expenses that were incurred after this case received designation as an MDL case that are uniquely incurred because of the MDL designation. All expenses for which reimbursement is sought shall also be set forth in a chart; and

   IT IS FURTHER ORDERED that the parties have fourteen days to file any objections to this Report and Recommendation.

                   s/Patty Shwartz
                   **United States Magistrate Judge**